UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT J. BALDWIN,

    Plaintiff,

    v.         CAUSE NO. 3:23-CV-205-DRL-MGG

KIM MEYERS, CARL KUENZLI,
CENTURION HEALTH, and WEXFORD
HEALTH,

    Defendants.

OPINION AND ORDER

Robert J. Baldwin, a prisoner without a lawyer, filed an amended complaint raising claims related to medical treatment for his kidneys. ECF 15. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Baldwin names four defendants: a doctor, a nurse, and two private companies who were hired by the Indiana Department of Correction to provide medical care for inmates. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate

liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). This complaint does not state a claim against either private company because it does not identify a policy or custom that caused him injury.

Mr. Baldwin alleges he saw Dr. Carl Kuenzli at least once after he recovered from COVID on January 6, 2021, and before he had kidney surgery on November 23, 2021. He alleges during that meeting, he told Dr. Kuenzli he needed surgery, but Dr. Kuenzli did nothing to schedule it. He alleges on September 30, 2021, after he told Dr. Kuenzli his medical history, Dr. Kuenzli responded, "Well here we are." ECF 15 at 5. He alleges Dr. Kuenzli did not provide him with surgical aftercare when he was discharged from the infirmary in December 2021. It is unclear what care he needed, whether he got it from others, or what injury (if any) he suffered as a result. He alleges Dr. Kuenzli did not examine him after he saw a kidney doctor in October 2022. It is unclear why he needed to be examined. He alleges that when he told Dr. Kuenzli on November 4, 2022, that he needed another surgery, Dr. Kuenzli had a nurse look, but was unable to find a surgical referral.

To establish liability for a denial of adequate medical treatment under the Eighth Amendment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk

of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "Negligence on the part of an official does not violate the Constitution[.]" *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

This complaint is short on details about what care Mr. Baldwin received and from whom, but it is clear he was receiving some care because he had multiple referrals to outside specialists and two kidney surgeries. It is unclear precisely what interactions he had with Dr. Kuenzli, but the complaint's allegations about the doctor are consistent with its description of him as "absent minded and sloppy in his care." ECF 15 at 5. Though the complaint describes many delays in receiving medical care, it does not plausibly allege Dr. Kuenzli was deliberately indifferent, criminally reckless or that he acted intentionally to harm Mr. Baldwin.

Mr. Baldwin alleges Nurse Practitioner Kim Meyers examined him several times in early 2021. He says nothing about there being a problem during those visits. He alleges she got mad when he told her about his need for surgery in March 2021 because she did not have a record of a surgical referral. It might have been unprofessional for her to get mad at him, but if she could not find a record of a surgical referral, it was beyond her authority as a nurse to schedule him for surgery. He alleges he did not get help with his catheter after he was placed in general population on December 17, 2021. He says nothing

about what help he needed or what Nurse Meyers knew about his condition. He alleges he was not given PSA tests as ordered by an outside physician, but there is no allegation Nurse Meyers knew about that order or was involved with that aspect of his care. He alleges he asked to see Nurse Meyers in October 2022, but she refused to see him. Instead, she scheduled him to see Dr. Miller. It is unclear why he wanted to see Nurse Meyers or why she refused, but the complaint does not plausibly allege she was deliberately indifferent to a serious medical need. Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Mr. Baldwin alleges he was misdiagnosed, his kidneys failed, and he endured terrible pain. The court is not unsympathetic to his suffering, but the allegations in this amended complaint do not state a claim. If Mr. Baldwin believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

4

(1) GRANTS Robert J. Baldwin until **August 15, 2023**, to file an amended complaint; and

(2) CAUTIONS Robert J. Baldwin if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 12, 2023                                        *s/ Damon R. Leichty*
                                                         Judge, United States District Court