UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT J. BALDWIN,

    Plaintiff,

    v.       CAUSE NO. 3:23-CV-205-DRL-MGG

KIM MEYERS, CARL KUENZLI,
CENTURION HEALTH, and WEXFORD
HEALTH,

    Defendants.

## OPINION AND ORDER

Robert J. Baldwin, a prisoner without a lawyer, filed a complaint that did not state a claim. ECF 15 He was permitted to amend to cure its defects. ECF 16. The amended complaint is now before the court. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As before, Mr. Baldwin names four defendants: a doctor, a nurse, and two private companies who were hired by the Indiana Department of Correction to provide medical care for inmates. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*,

436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "Corporate liability exists "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). The prior complaint did not state a claim against either private company because it did not identify a policy or custom which caused him injury. The amended complaint still says nothing about a policy of custom of either company being the cause of an injury to him.

Most of Mr. Baldwin's allegations against Nurse Practitioner Kim Meyers and Dr. Carl Kuenzli do not state a claim either. To establish liability for a denial of constitutionally adequate medical treatment under the Eighth Amendment, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "Negligence on the part of an official does not violate the Constitution[.]" *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Mr. Baldwin alleges Nurse Meyers examined him several times in early 2021. He says nothing about there being a problem during those visits. He alleges she got mad

2

when he told her about his need for surgery in March 2021 because she did not have a record of a surgical referral. It might have been unprofessional for her to get mad at him, but if she could not find a record of a surgical referral, it was beyond her authority as a nurse to schedule him for surgery merely because he said so. He alleges he was discharged from the infirmary without a catheter in January 2021, but he does not say how Nurse Meyers was involved. He alleges he was discharged from the infirmary in December 2021 with a catheter that was not changed until February 2022, but again no mention of how Nurse Meyers was involved. He alleges he was not given PSA tests as ordered by an outside physician, but there is no allegation Nurse Meyers knew about that order or was involved with that aspect of his care. He alleges that after he saw Dr. Karl Kuenzli, he asked to see Nurse Myers, but she refused to see him. He alleges when he later put in a medical request, she scheduled him for an appointment with Dr. Miller. He says nothing about how he was injured by either her refusal to see him or her decision to schedule his appointment with Dr. Miller. He alleges he should have had a bladder scan in June 2023, but it did not happen until July. He says nothing about how Nurse Meyers was involved or what injury resulted from the brief delay of this scan. Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). None of these allegations against Nurse Meyers state a claim.

Mr. Baldwin alleges that in December 2020, he told Dr. Kuenzli that Dr. Garcia said he needed surgery, but Dr. Kuenzli did nothing to schedule it because he did not have a record from Dr. Garcia recommending surgery. Mr. Baldwin alleges he got his

3

medical records from Dr. Garcia, but he does not say when and he does not say he showed them to Dr. Kuenzli. It is unclear when or how this confusion was resolved, but Mr. Baldwin had surgery in November 2021. Before the surgery, an outside physician recommended a particular prescription, but Dr. Kuenzli did not authorize him to have it. "[M]ere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (citation and quotations omitted). This complaint does not explain what the prescription was for or allege he was injured by not having it before surgery. He alleges Dr. Kuenzli did not provide him with aftercare when he was discharged from the infirmary in September 2022, but again he still does not say what care he needed after he was returned to general population. He alleges he asked Dr. Kuenzli about a second surgery in November 2022, but Dr. Kuenzli did not have a medical record recommending a second surgery. As with the first surgery, it is unclear when or how this confusion was resolved, but Mr. Baldin had a second surgery in March 2023. None of these allegations against Dr. Kuenzli state a claim.

The complaint includes two allegations against Nurse Meyers and Dr. Kuenzli which do state a claim. Mr. Baldwin alleges he had bladder problems after his first surgery in November 2021. He alleges he sought medical treatment from from the two of them, but was refused treatment throughout 2022. He alleges a biopsy in March 2023 showed he had bladder cancer. He alleges Nurse Meyers and Dr. Kuenzli knew he had cancer, but did not tell him and refused to treat him for cancer.

4

For these reasons, the court:

(1) GRANTS Robert J. Baldwin leave to proceed against Nurse Practitioner Kim Meyers and Dr. Karl Kuenzli in their individual capacities for compensatory and punitive damages for refusing to treat his bladder problems from November 2021 to late 2022 in violation of the Eighth Amendment;

(2) GRANTS Robert J. Baldwin leave to proceed against Nurse Practitioner Kim Meyers and Dr. Karl Kuenzli in their individual capacities for compensatory and punitive damages for refusing to treat his bladder cancer from March 2023 to present in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Centurion Health and Wexford Health;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Practitioner Kim Meyers and Dr. Karl Kuenzli at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 17);

(6) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Kim Meyers and Dr. Karl Kuenzli to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 30, 2023             *s/ Damon R. Leichty*
                             Judge, United States District Court