UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT J. BALDWIN,

    Plaintiff,

    v.    CAUSE NO. 3:23-cv-205-DRL-MGG

KIM MEYERS *et al.*,

    Defendants.

OPINION AND ORDER

Robert J. Baldwin, a prisoner without a lawyer, is proceeding in this case against Nurse Practitioner Kim Meyers and Dr. Karl Kuenzli for violating his Eighth Amendment rights by (1) "refusing to treat his bladder problems from November 2021 to late 2022" and (2) "refusing to treat his bladder cancer from March 2023 to present[.]" ECF 18 at 5. On March 7, 2024, the defendants filed a motion for summary judgment, arguing Mr. Baldwin didn't exhaust his administrative remedies before filing suit. ECF 34. With the motion, the defendants provided Mr. Baldwin the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 38. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed almost two months ago,

but Mr. Baldwin has not responded. Therefore, the court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner

must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility (MCF) and Mr. Baldwin's grievance records.[1] During all relevant times, MCF had an Offender Grievance Process in place that was available to Mr. Baldwin. ECF 35-1 at 5. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2, 10. Mr. Baldwin's grievance records show he never fully exhausted any relevant grievance before filing this lawsuit. *Id.* at 5-7. Specifically, Mr. Baldwin's grievance records show he submitted numerous grievances which were accepted by the grievance office, but none of these grievances complained of inadequate treatment for his bladder problems. ECF 35-1 at 6, 24, 29, 33, 37. The only accepted grievance that mentions his bladder issues is Grievance 23-156519, in which Mr. Baldwin complained he was overcharged for treatment and requested reimbursement. *Id.* at 6, 41. The grievance office denied Grievance 23-156519 on its merits, and Mr. Baldwin did not appeal that response. *Id.* at 6, 23, 44. Mr. Baldwin attempted to submit numerous other grievances, but the grievance office rejected these grievances either as untimely or because they were submitted on the incorrect form. *Id.* at 49-72.

---

[1] Because Mr. Baldwin has not responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Mr. Baldwin's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, the undisputed facts show Mr. Baldwin never fully exhausted any relevant grievance. Mr. Baldwin does not argue or provide any evidence his administrative remedies were unavailable. Therefore, the defendants have met their burden to show Mr. Baldwin didn't exhaust his available administrative remedies before filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 34); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Robert J. Baldwin and to close this case.

SO ORDERED.

June 6, 2024                                          *s/ Damon R. Leichty*
                                                     Judge, United States District Court